MICHAEL A. SWEET (SBN 184345)
msweet@foxrothschild.com
DALE L. BRATTON (SBN 124328)
dbratton@foxrothschild.com
JACK PRAETZELLIS (SBN 267765)
jpraetzellis@foxrothschild.com
**FOX ROTHSCHILD LLP**
345 California Street, Suite 2200
San Francisco, California 94104
Telephone: (415) 364-5540
Facsimile: (415) 391-4436

Attorneys for Plaintiff
E. Lynn Schoenmann, Trustee

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>ARTEM KOSHKALDA,<br><br>Debtor. | CASE NO. 18-30016-HLB<br><br>Chapter 7 |
| E. LYNN SCHOENMANN,<br><br>Plaintiff,<br><br>vs.<br><br>ARTEM KOSHKALDA,<br><br>Defendant. | ADV. PROC. NO. 18-03059<br><br>**JOINT DISCOVERY PLAN** |

Plaintiff E. Lynn Schoenmann, Trustee, and Defendant Artem Koshkalda (collectively, the "Submitting Parties") hereby submit this joint discovery plan under Rule 26(f) of the Federal Rules of Civil Procedure and Rule 7026 of the Federal Rules of Bankruptcy Procedure as follows:

**A. CHANGES TO TIMING, FORM, OR REQUIREMENT FOR DISCLOSURE UNDER RULE 26(a)(1)**

The Submitting Parties agree to exchange Initial Disclosures by November 30, 2018 in light of Mr. Koshkalda's Motion to Remove the Chapter 7 Trustee set for hearing on November 29, 2018.

The Submitting Parties do not propose any other changes to the timing, form, or requirement for initial disclosures.

**B.  THE TIMING, SUBJECT MATTER, AND LIMITATIONS, IF ANY, OF DISCOVERY TO BE CONDUCTED AFTER INITIAL DISCLOSURES**

The Submitting Parties propose the Trustee's Action be stayed pending the outcome of the 11 U.S.C. § 727 claims in the *Seiko Epson Corporation and Epson America, Inc. v. Artem Koshkalda* (Adv. Proc. No. 18-03020) (the "Epson Action").

1. The Epson Action Overlaps Factually With The Trustee's Action

Both cases assert Mr. Koshkalda's discharge should be denied on account of acquisition and transfer of certain real property. [*See, e.g.*, Epson Action, Doc# 1 at 16; Trustee's Action, Doc# 1 at 5-6.] Both cases assert Mr. Koshkalda's discharge should be denied on account of undisclosed money held in a bank account at Privat Bank in the Ukraine. [Epson Action, Doc# 1 at 16; Trustee's Action, Doc# 1 at 7.] Both cases assert Mr. Koshkalda's discharge should be denied on account of failure to maintain records. [Epson Action, Doc# 1 at 17; Trustee's Action, Doc# 1 at 8.] Mr. Koshklalda denies the allegations in both actions, but agrees that they overlap factually.

2. The Epson Action Seeks The Same Relief As The Trustee's Action: Denial Of Mr. Koshkalda's Discharge

The Epson Action asserts, among other claims, 11 U.S.C. § 727 claims against Mr. Koshkalda for denial of discharge. [Epson Action, Doc# 1 at 15-19 (Four Claims for Relief under §§ 727(a)(2), 727(a)(3), 727(a)(5), 727(a)(7)).][1] The Trustee's Action asserts 11 U.S.C. § 727 claims against Mr. Koshkalda for denial of discharge. [Trustee's Action, Doc# 1 at 9-10 (Five Claims for Relief under §§ 727(a)(2)(A), 727(a)(2)(B), 727(a)(4)(A), 727(a)(4)(D), 727(a)(5)).]

**C.  ANY OTHER ORDERS THE COURT SHOULD ISSUE UNDER RULE 7026(c) OR RULE 7016(b) AND (c)**

The Submitting Parties propose the Court issue a stay of the Trustee's Action pending the

---

[1] The Submitting Parties note that the Epson Action also includes 11 U.S.C. § 523 claims that do not seek the same relief as the Trustee's Action.

resolution of the Epson Action for the reasons stated in Section B, above.

**The Trustee submits the following additional statement regarding a potential stay of the Trustee's Action**: The Trustee will continue to monitor the Epson Action. If requested by Epson and/or Mr. Koshkalda, and deemed advisable by a BDRP Resolution Advocate, the Trustee would participate in a BDRP scheduled in the Epson Action.

Dated: 11/20/2018.

        FOX ROTHSCHILD LLP

        By _s/Michael A. Sweet_
           Michael A. Sweet
           Attorneys for Plaintiff E. Lynn Schoenmann, Trustee

Dated: 11/19/2018.

        By _[signature]_
           Artem Koshkalda, Pro Per